People v G.B. (2025 NY Slip Op 51572(U))

[*1]

People v G.B.

2025 NY Slip Op 51572(U) [87 Misc 3d 1214(A)]

Decided on October 6, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through October 07, 2025; it
will not be published in the printed Official Reports.

Decided on October 6, 2025
Youth Part, Erie County

The People of the
State of New York

against
G.B., AO.

Docket No. FYC-72982-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Daniel Schaus, Esq. (for
Principal G.B.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, §
722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part
of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of
Taylor L. Yensan, Esq. (Assistant District Attorney), dated September 15, 2025; an Answering
Affirmation having been filed by Daniel Schaus, Esq. on behalf of AO G.B. dated September 25,
2025; the ADA having reserved the right to a hearing on the facts alleged in support of the
People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO G.B. is
charged under FYC-72982-25/001 with Criminal Possession of Stolen Property in the Third
Degree, a class D felony contrary to Penal Law § 165.50, and Unauthorized Use of a
Vehicle in the Third Degree, a class A misdemeanor contrary to Penal Law §
165.05(1).
On August 19, 2025, Accessible Magistrate John Wanat arraigned AO G.B. and remanded
her without bail. Later that day, this Court arraigned AO G.B. and released her on her own
recognizance with Voluntary Services. A six-day reading was not required under CPL §
722.23(2)(a). The People indicated that they would make a motion under CPL § 722.23(1)
requesting that this matter not be removed to Family Court. A decision on motion was scheduled
on October 6, 2025.

Findings of Fact
It is alleged that a vehicle was stolen on or about August 17, 2025 at 11:30p.m. The next day,
a Cheektowaga Police Officer was on routine patrol when he received a notification about [*2]the location of the stolen vehicle. The Officer located the stolen
vehicle and activated his overhead emergency lights and siren. The stolen vehicle failed to yield.
The Officer and another marked patrol vehicle then pursued the stolen vehicle for approximately
20 minutes. Eventually the stolen vehicle struck a tree and became disabled.
AO G.B. was taken into custody as a passenger of the stolen vehicle. Five co-defendants
were in the stolen vehicle with AO G.B. At no time did the owner of the stolen vehicle give
anyone else permission to operate, ride in, or otherwise exercise control over the vehicle.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a
felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3]
[a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender
matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves
to prevent the removal of the action to Family Court and establishes that extraordinary
circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d
1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in
making an extraordinary circumstances determination, courts should 'look at all the
circumstances of the case, as well as ... all of the circumstances of the young person,' including
both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill
A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero,
supra. The legislative history further provides that "the People would satisfy the
'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and
there is strong proof that the young person is not amenable or would not benefit in any way from
the heightened services in the family court.'" See, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct
2021).
The People argue that AO G.B.'s intentional acts of possessing a stolen vehicle, fleeing
officers, and ultimately crashing into a tree make this case "extraordinary". However, the facts
here are not unique. Unfortunately, stolen vehicle matters are all too common in Youth Part, and
the vehicles involved are often damaged. AO G.B. was a passenger in this vehicle, not the driver.
There were five other individuals in the stolen vehicle. She is not alleged to have led, threatened
or coerced other reluctant youth into committing the crimes before this Court or committed a
series of crimes over a span of multiple days. As Defendant points out, it is not alleged that
anyone was injured in this incident.
The People have not met their burden of proving that AO G.B. will not be amenable to or
would not benefit in any way from the heightened services of Family Court. See, People
v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023).
After examining all the circumstances of this case and this youth, this Court finds that
extraordinary circumstances do not exist to prevent the transfer of this action to Family Court.
This is not the rare case that should remain in Youth Part. The People did not meet their burden
to prevent removal of this action to Family Court. This constitutes the opinion, decision, and
order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN